1832.

STORMS
*v.*
STORMS.

---

### STORMS *vs.* STORMS.

---

A special replication to a plea, filed without leave, ordered to be stricken off.

The use of special replications has been discontinued. And if a complainant wants to avoid the effect of matter pleaded in bar, he must apply to amend the charging part of his bill. This charging part, containing the alleged pretences of a defendant, and the complainant's denial of them, amounts, virtually, to a special replication.

The complainant had filed a bill, as a judgment creditor, upon a judgment for $106 93, debt on bond, (in the penalty of $200,) and $6 37 costs, recovered in the Marine Court of the city of New York.

The defendant pleaded in bar the want of jurisdiction of the Marine Court to render such a judgment; inasmuch as it could not take cognizance of causes above the amount of one hundred dollars; and to this plea the complainant put in a special replication: "That the bond mentioned in "the defendant's plea, and upon which judgment was rendered, "was a surety bond taken by the said Marine Court, to abide "the event of a suit pending therein at the time of taking such "bond, between the complainant, who was the plaintiff in said "suit, and one J. O. S. and one S. J. S., defendants; and that "the defendant in this suit became such surety. And complain-"ant says, that said Marine Court, by virtue of an act passed "April 9th, 1813, entitled 'An act to reduce several laws re-"'lating particularly to the city of New York in one act,' sec-"tion 148, have jurisdiction and cognizance of suits on surety "bonds taken in said court. All which matters, &c."

A motion was now made, on the part of the defendant, to take this special replication off the files of the court.

Mr. *Timothy R. Green*, for the motion.

Mr. *Obed Gridley*, for the complainant.

The Vice-Chancellor. The question is, whether a special replication can be filed without leave of the court? It certainly cannot. Such a practice would directly militate against the sixty-fifth rule.

The ancient practice of the Court of Chancery allowed special replications to be filed. But it was found to lead to great inconvenience, and was abolished, or, rather, discontinued. Nevertheless, in a few cases, it may still be permitted.

If the present replication is to stand, it will require a rejoinder; then, perhaps, may come a surrejoinder, and the court

<div align="right">

*June 4,*
*1832.*

STORMS
*v.*
STORMS.

*Practice.*
*Special repli-*
*cation.*
*Jurisdiction.*

will be drawn in to consider all the nicety of special pleading, as used in courts of law. "Special replications," says *Hinde*, page 285, "with all their consequences, are now out of use, "and the plaintiff is to be relieved according to the form of "the bill, whatever new matter may have been introduced by "the defendant's plea or answer." The same principle is to be found in *Brown's* late work on *Practice*, vol. 1, p. 53. Instead of putting in a special replication, the complainant might have moved to amend his bill, by charging the pretences of the defendant as to the want of jurisdiction, and alleging the contrary to be true. And, therefore, it is said in the books, that the complainant, by his pleading, not only puts a bill upon file, but also, virtually, a special replication. Whenever he sets out, and negatives the alleged pretences of the defendant, the remedy, it will be seen, is open to the complainant without a distinct special replication. At the present day, we only have demurrers to bills; whereas, an encouragement of the course which this complainant has adopted, would lead to demurrers, to replications, and other pleadings. Such a practice cannot be tolerated here, and I must order the replication to be taken off the files, with costs.

<div align="right">Order accordingly.</div>